UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BERKENHOFF GmbH, | : | NO: 1:11-CV-00475 |
| Plaintiff, | : | |
| | : | **OPINION AND ORDER** |
| v. | : | |
| GLOBAL TRADE NETWORK, INC., et al., | : | |
| Defendants. | : | |

This matter is before the Court on Defendant Composite Concepts' ("CCC") Motion to Strike (doc. 25), and Plaintiff's Response (doc. 26). Also before the Court is Defendant CCC's Motion to Vacate, Modify, and/or Correct International Arbitral Award and to Stay Enforcement Proceedings in the United States (doc. 29). In its review of such matters, the Court further considered the parties' supplemental briefing, Plaintiff's Brief on Jurisdiction (doc. 32), Defendant Global Trade Network's ("GTN") Response (doc. 33), CCC's Response (doc. 34), Plaintiff's Reply (doc. 35), and CCC's Request for Status Conference/Oral Argument (doc. 36). For the reasons indicated herein, the Court DENIES Defendant Composite Concepts Co., Inc.'s Motion to Strike as moot (doc. 25), and construes its Motion to Vacate (doc. 29) as a Motion to Stay, and STAYS this matter on the docket pending the final outcome of the German proceedings. The Court further sets this matter for a hearing on the issue of what amount of security the

Defendants should proffer during the pendency of this action.

**I. Background**

This matter involves a commercial dispute over licensing of patents related to electric discharge machining wire used in precision cutting. The parties arbitrated in front of a three-member arbitral tribunal in Frankfort, Germany, after which the tribual issued a final award on June 30, 2011. In such award, Plaintiff prevailed in that CCC was required to make certain disclosures, and Defendants were required to pay Plaintiff's costs in the amount of €544,262.91, and $50,551.90. Plaintiff filed this case so as to confirm the final arbitral award pursuant to Section 207 of the Federal Arbitration Act ("FAA") and the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, reprinted in 9 U.S.C. §§ 201-208 (the "New York Convention"), to which both the United States and Germany are parties. However, Defendants have challenged the arbitral award in German Court, which has set the matter for a hearing on February 2, 2012.

In this case, Defendants both filed timely Answers, asking the Court to stay the instant proceedings so as to allow them to file a motion to vacate, modify, or correct the arbitral award, which CCC did on September 20, 2011 (doc. 29). The Court held a preliminary pretrial conference, after which it became clear the parties disagreed as to what the Court has jurisdiction to rule

2

on in this matter. As such, the Court ordered the parties to brief their respective views regarding jurisdiction.

## II. The New York Convention, 9 U.S.C. §§ 201-208

The core purpose of the New York Convention is to make enforcement of arbitral awards more simple by liberalizing enforcement procedures, limiting defenses, and placing the burden of proof on the party opposing enforcement. Fertilizer Corp. Of India v. IDI Mgmt., Inc., 517 F. Supp. 948, 961 (S.D. Ohio 1981)(citing Parsons & Whittemore Overseas Co. Inc., v. Societe Generale de L'Industrie du Papier, 508 F.2d 969, 973 (2d Cir. 1974); L. Quigley, "Convention on Foreign Arbitral Awards," 58 A.B.A.J. 821, 824 (1972)). The United States became a party to the Convention in 1970. Id. at 950. According to the Supreme Court, the principal purpose of the American adoption and implementation of the Convention "was to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to verify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." Id. at 961, quoting Sherk v. Alberto-Culver, 417 U.S. at 520 n.15 (1974).

As noted above, the Convention limits defenses to the enforcement of an arbitral award. Article V of the Convention allows for refusal of recognition of an award under five grounds:

(a) The parties to the agreement. . . were, under the law

applicable to them, under some incapacity, or the said
agreement is not valid under the law to which the parties
have subjected it or, failing any indication thereon,
under the law of the country where the award was made; or

(b) The party against whom the award is invoked was not
given proper notice of the appointment of the arbitrator
or of the arbitration proceedings or was otherwise unable
to present his case; or

(c) The award deals with a difference not contemplated by
or not falling within the terms of the submission to
arbitration, or it contains decisions on matters beyond
the scope of the submission to arbitration, provided
that, if the decisions on matters submitted to
arbitration can be separated from those not so submitted,
that part of the award which contains decisions on
matters submitted to arbitration may be recognized and
enforced; or

(d) The composition of the arbitral authority or the
arbitral procedure was    not in accordance with the
agreement of the parties, or, failing such agreement, was
not in accordance with the law of the country where the
arbitration took place; or

(e) The award has not yet become binding on the parties,
or has been set aside or suspended by a competent
authority of the country in which, or under the law of
which, that award was made.

Convention on the Recognition and Enforcement of Foreign Arbitration Awards art. 5, June 10, 1958, 330 U.N.T.S. 38.

### III. Discussion

Plaintiff contends the Court has jurisdiction to confirm the final arbitral award, as there only need be a "final arbitral award," and the award in Germany qualifies (doc. 32). Citing this Court's decision in <u>Fertilizer Corp. Of India</u>, 517 F. Supp. 948, Plaintiff argues the award should be considered "binding"

4

notwithstanding the fact that a German court is reviewing the award (Id.).

Defendants agree this Court has jurisdiction to confirm the award, but contend the time is not ripe as the German Court could vacate the arbitral award. Defendants also cite to Fertilizer Corp. Of India, 517 F. Supp. 948, 962, contending that nothwithstanding the fact the Court considered the arbitral award "final and binding," it nonetheless stayed its decision on affirming such award until the Indian courts decided with finality whether the award was correct under Indian law.

The Court agrees that in order to avoid an inconsistent result, the interest of justice mandate that it stay its decision on the enforcement of the arbitral award in the United States until after such time the German Court system has concluded its review. However, so as to ensure against any possible prejudice from delay, the Court further finds it appropriate for Defendants to post a security, at an amount to be determined after further briefing by the parties.

The parties further dispute whether the Court has jurisdiction over Defendant CCC's motion to vacate. Citing M&C Corp. v. Erwin Behr GmbH & Co., 87 F.3d 844, 847 (6th Cir. 1996), Plaintiff argues any attempt to set aside or suspend an arbitral award must be made in the country where the award was made (doc. 32). Defendants respond that although styled as a motion to

vacate, the content of the motion shows it is trying to raise defenses to the award, consistent with Article V of the New York Convention (docs. 33, 34). As such, Defendants contend the Court does indeed have jurisdiction over the motion to vacate (Id.).

The Court agrees that to the degree the motion to vacate tracks the defenses available under Article V, it does indeed have jurisdiction to review such defenses. However, as the Court is staying this matter, a review at this time is premature. Defendants may renew such motion after the outcome of the German proceedings is determined.

Finally, the Court notes that Defendant CCC's Motion to Strike pertains to whether an expert opinion concerning whether the arbitration is "final" under German law. Because the Court is staying this matter, it need not reach such question, as Defendant's motion is moot.

## IV. Conclusion

Accordingly, and for the reasons indicated herein, the Court DENIES Defendant Composite Concepts Co., Inc.'s Motion to Strike as moot (doc. 25), and construes its Motion to Vacate (doc. 29) as a Motion to Stay, GRANTS such motion, and STAYS this matter on the docket pending the final outcome of the German proceedings. The Court further sets this matter for a hearing 3:00 P.M. on March 15, 2012, on the issue of what amount of security the Defendants should proffer during the pendency of this action, in accordance

with Article VI of the New York Convention.  The parties are directed to submit briefing on such issue forthwith.


SO ORDERED.


Dated:   January 30, 2012         s/S. Arthur Spiegel
                                  _____
                                  S. Arthur Spiegel
                                  United States Senior District Judge